IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: TERRACE HOUSING ASSOCIATES, LTD. | : : : | CIVIL ACTION |
| TERRACE HOUSING ASSOCIATES, LTD. | : : : | NO. 23-4667 |
| *Appellant-Debtor* | : : | |
| v. | : : | |
| UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT | : : : : | |
| *Appellee* | : | |

# ORDER

**AND NOW**, this 21st day of May 2024, upon consideration of Appellee's *motion to dismiss untimely appeal for lack of subject-matter jurisdiction*, (ECF 2), Appellant's response in opposition, (ECF 7), and Appellee's reply, (ECF 8), it is hereby **ORDERED** that the motion to dismiss is **GRANTED**.[1]  Accordingly, this matter is dismissed for lack of subject-matter jurisdiction.

---

[1] Appellant Terrace Housing Associates, Ltd. ("Appellant") commenced this bankruptcy appeal by filing a notice of appeal on November 24, 2023, in which Appellant challenges the Bankruptcy Court's October 25, 2023 Order that granted the motion for summary judgment filed by Appellee United States Department of Housing and Urban Development ("Appellee" or "HUD") and denied Appellant's motion for summary judgment. (ECF 1).  Appellee filed the underlying motion to dismiss, arguing that this Court lacks subject-matter jurisdiction because Appellant's notice of appeal as untimely.  This Court agrees.

Federal district courts have jurisdiction over bankruptcy appeals pursuant to 28 U.S.C. § 158. As such, § 158(c)(2) requires that an appeal from bankruptcy be filed "in the time provided by Rule 8002 of the Bankruptcy Rules."  28 U.S.C. § 158(c)(2).  Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 8002(a)(1) requires that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed."  Fed. R. Bankr. P. 8002(a)(1).  The fourteen-day filing requirement is jurisdictional.  *In re Caterbone*, 640 F.3d 108, 11 (3d Cir. 2011).

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

Here, Appellant admittedly did not file its notice of appeal until more than fourteen days after the issuance of the Order from which it appeals. Appellant suggests, however, that its untimeliness should be overlooked or forgiven due to Appellant's counsel's "excusable neglect." Appellant's suggestion is untenable. The United States Court of Appeals for the Third Circuit has made it clear that Bankruptcy Rule 8002 "does not allow a party to claim excusable neglect after the [time period] ha[s] expired." *Caterbone*, 640 F.3d at 114 (citation omitted, alteration in original) (declining to even address appellant's excusable neglect argument). As such, without addressing the merits of the claimed excusable neglect, this Court finds that Appellant's notice of appeal was untimely. Accordingly, Appellee's motion to dismiss is granted, and this appeal is dismissed for lack of subject-matter jurisdiction.

2